*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1548**

State of Minnesota,
Respondent,

vs.

Steven E. Johnson,
Appellant.

**Filed March 16, 2015
Affirmed
Larkin, Judge**

Blue Earth County District Court
File No. 07-CR-12-3727

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ross E. Arneson, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Allen P. Eskens, Eskens Peterson Law Firm, Chtd., Mankato, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Larkin, Judge.

## U N P U B L I S H E D   O P I N I O N

**LARKIN**, Judge

Appellant challenges the district court's revocation of his felony probation for driving while impaired. He argues that the district court abused its discretion by revoking

probation without first requiring the state to pursue appellant's civil commitment or recommend alternative treatment options. We affirm.

## FACTS

Appellant Steven E. Johnson pleaded guilty to first-degree driving while impaired (DWI) in February 2013. The district court stayed execution of Johnson's sentence and placed him on probation.

In March 2014, the probation department filed a violation report alleging several probation violations. At the initial hearing on the alleged probation violations, Johnson's attorney requested a continuance so Johnson could complete a psychological evaluation with Dr. Theodore Surdy. Upon completion of the evaluation, Dr. Surdy diagnosed Johnson with schizoaffective disorder, bipolar II, cognitive disorder, alcohol dependence, nicotine dependence, and a personality disorder. Dr. Surdy concluded that Johnson "manifests a serious and persistent mental illness and is at risk for being a danger to himself and others." Noting that Johnson failed to take advantage of outpatient services to manage his mental health, alcohol consumption, and aggression, Dr. Surdy opined that Johnson required a "more supervised setting" where he could "be monitored over some time to determine what psychotropic medications are appropriate, receive chemical dependency treatment, and receive psychotherapy."

In July, Johnson pleaded guilty to disorderly conduct and admitted that he violated a condition of his probation that required him to remain law abiding. After a contested hearing, the district court found that Johnson also violated probation by consuming alcohol, failing to provide a urine sample, failing to cooperate with mental-health

2

services, failing to keep probation informed of his employment status, and failing to cooperate and be truthful with his probation officer. The district court scheduled a disposition hearing, stating that it needed to "analyze this situation." The district court ordered the prosecutor and Johnson's probation officer to provide Blue Earth County Human Services with Dr. Surdy's report. The district court stated:

> I just want to clearly identify for the record the report of Dr. Surdy that needs to be reviewed by the county; and I want a specific response from the county as to . . . their response to Dr. Surdy's report and a specific reason why they will not follow it, because it appears to me that Dr. Surdy's report is clearly . . . calling for inpatient mental health treatment. And in the alternative I want the county to propose to me . . . alternative treatment to satisfy [or] to comply with Dr. Surdy's report.

At the disposition hearing, the parties acknowledged receipt of a commitment-screening report from the county. The report concluded that there was not enough evidence to support Johnson's civil commitment as mentally ill and chemically dependent. Johnson's probation officer recommended execution of Johnson's prison sentence. The prosecutor also recommended execution of the sentence stating, "the options are limited here." Neither Johnson's probation officer nor the prosecutor proposed a treatment option as an alternative to the recommended prison sentence.

Johnson's attorney recommended Johnson's release and reinstatement on probation or an order requiring Johnson to find an inpatient treatment program consistent with Dr. Surdy's recommendations. But Johnson's attorney did not recommend a specific treatment program.

3

The parties argued, and the district court analyzed, the revocation factors under *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980), on the record. The district court found that Johnson's violations were intentional. The district court judge noted that he was familiar with Johnson from drug court and stated, "I don't think there is any question, at this point, that confinement is necessary to protect the public from further criminal activity and I am . . . hopeful that [Johnson] can get some treatment in prison."

In response, Johnson's attorney suggested a third dispositional alternative: hold Johnson in custody until he committed himself. The district court rejected that option, noting that defense counsel knew that Johnson would never commit himself because he opposed civil commitment. The district court revoked Johnson's probation and executed his 42-month sentence. This appeal follows.

## D E C I S I O N

When revoking probation, the district court must: "(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *Id.* A district court "has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Id*. at 249-50.

Johnson does not challenge the district court's analysis or findings under *Austin*. Instead, Johnson argues that the county violated a district court order "by not providing the court with an explanation as to why the county was refusing to petition for [his] civil mental health commitment." Johnson interprets the July district court request for a

"specific response from the county" to "Dr. Surdy's report and a specific reason why they will not follow it" as an order "to review Dr. Surdy's report for a possible civil commitment." Johnson asserts that the county "did not even attempt to comply with [the district court's] directive" because the commitment-screening report that it prepared does not indicate that the screener took Dr. Surdy's report into consideration and does not "specify why Dr. Surdy's recommendations were not being considered."

Johnson's argument is unavailing because the record shows that the district court was satisfied with the county's compliance with its request. After Johnson's probation officer assured the court that the civil-commitment screener had received a copy of Dr. Surdy's report, the district court stated that "the county has looked at everything and . . . the county believes that [Johnson] . . . doesn't meet the qualifications to be committed and I am not exactly sure what else [is] to be done."

Johnson also argues that the district court abused its discretion by failing to consider mental-health treatment alternatives to prison and by not requiring the county to identify such alternatives for the court's consideration. Johnson refers to the district court's request that the county propose "alternative treatment . . . to comply with Dr. Surdy's report" if the county disagreed with Dr. Surdy's recommendations. Johnson asserts that the county failed to comply with this "court order" by not providing specific treatment options at the disposition hearing and that the district court "abused its discretion by . . . not requiring the county to comply with the court's order to find [treatment] alternatives."

5

Once again, the record indicates that the district court was satisfied with the county's response to its request for treatment recommendations, which was that the county had reviewed the case and did not have a treatment option to recommend. We note that Johnson did not recommend a specific treatment program for the district court to consider as an alternative to prison. Moreover, the district court considered and rejected the three dispositional alternatives that Johnson's attorney did suggest.

Given the district court's supported findings and analysis under *Austin*, and its consideration of the probationary alternatives that were presented, we discern no abuse of discretion in the decision to revoke Johnson's probation.

**Affirmed.**